UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIETTE KINKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00358-JMS-TAB |
| ) | |
| EQUIFAX INFORMATION SERVICES, LLC, ) | |
| TRANS UNION, LLC, ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL ARBITRATION**

**I.   Introduction**

Defendant Experience Information Solutions, Inc. seeks to compel Plaintiff Juliette Kinkle to arbitrate her claims against EIS and stay this case pending the outcome of arbitration. EIS argues that Kinkle enrolled in CreditWorks, a credit monitoring membership program, and accepted its terms of use, which contained a valid and enforceable arbitration agreement. Kinkle does not dispute that she enrolled in CreditWorks but rather argues that the arbitration agreement at issue is substantively and procedurally unconscionable. However, Kinkle falls short of her burden of proving that the agreement is unconscionable. Accordingly, for the reasons stated below, EIS's motion to compel arbitration [Filing No. 24] is granted.

## II.     Background

This is an action under the Fair Credit Reporting Act.  Kinkle enrolled in CreditWorks in May 2020.  To do so, she had to enter her personal information into a webform and click "Create Your Account."  [Filing No. 25-1, at ECF p. 3.]  Immediately below the boxes to enter an email address and password was the following disclosure: "By clicking 'Create Your Account': I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy and Ad Targeting Policy."  [Filing No. 25-1, at ECF p. 7.]  The "Terms of Use" phrase was off-set in blue text and, if clicked, would have presented the consumer with the full text of the agreement.  [Filing No. 25-1, at ECF p. 9.]  Every version of the terms of use in effect during Kinkle's enrollment in CreditWorks contained an arbitration agreement that required her to arbitrate all claims against "ECS" that relate to or arise out of her membership.  [Filing No. 25-1, at ECF p. 11.]  The arbitration agreement defines ECS to include its "parent entities, subsidiaries, [and] affiliates[.]"  [Filing No. 25-1, at ECF p. 11.]  EIS is and has been an affiliate of ECS during the entire time Kinkle has been enrolled in CreditWorks.  [Filing No. 25-1, at ECF p. 4.]  Thus, the terms of use make EIS a party to the contract and to the arbitration agreement contained within that contract.

On March 1, 2023, Kinkle filed her complaint against EIS and Defendants Equifax Information Services, LLC, and Trans Union, LLC.  [Filing No. 1.]  Kinkle alleges that EIS (as well as the other Defendants) violated the FCRA when they inaccurately reported that she was deceased, and she was denied credit because of EIS's reporting.  EIS responded to Kinkle's complaint by filing its answer [Filing No. 22], and then subsequently moved to compel arbitration and stay this action.  [Filing No. 24.]  Kinkle opposes EIS's motion.  [Filing No. 32.]

### III.     Discussion

EIS argues that this Court should compel arbitration because the parties have a valid, enforceable agreement to arbitrate that covers Kinkle's claims, based on her enrollment in the CreditWorks program. The Federal Arbitration Act codifies a strong federal policy in favor of enforcing arbitration agreements. *See* 9 U.S.C. § 2. A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). The party opposing arbitration bears the burden of proving that the claims at issue are not referable to arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Kinkle does not dispute that she enrolled in CreditWorks and, in doing so, clicked a button on the sign-up page manifesting her assent to be bound by the membership's terms of use. Nor does she dispute that her claims fall within the scope of the arbitration agreement or that she has so far refused to proceed to arbitration. Rather, her arguments relate solely to whether the arbitration agreement itself is a valid, enforceable agreement. Specifically, Kinkle argues that the arbitration agreement is both substantively and procedurally unconscionable because it is one-sided and overbroad, and enforcement would lead to oppressive and harsh terms. [Filing No. 32, at ECF p. 3.] For instance, Kinkle claims that the arbitration agreement, as written, "would require Plaintiff to arbitrate any conceivable claim she might have against an incalculable number of entitles completely unknown to her at the time of the 'agreement' between Plaintiff and a complete non-party to this action." [Filing No. 32, at ECF p. 3.]

EIS disagrees, noting that the face of the contract at issue belies Kinkle's argument. The arbitration agreement contained within the terms of use limits the scope of the agreement to

3

"disputes and claims between us arising out of or relating to this Agreement." [Filing No. 25-1, at ECF p. 34.] Thus, the arbitration agreement is not infinite in scope. Moreover, there is no question that the FCRA claims Kinkle brought against EIS plainly relate to the parties' agreement, so there is no concern of overbreadth in this case.

As the Seventh Circuit has observed, "[a]lthough Indiana recognizes unconscionability, courts do not regularly accept it as an argument; we have previously described Indiana as 'unfriendly' to unconscionability generally." *Jackson v. Bank of America Corp.*, 711 F.3d 788, 792 (7th Cir. 2013). Under Indiana law, "[s]ubstantive unconscionability relates to oppressively one-sided and harsh terms of contract." *Himan v. Thor Indus., Inc.*, No. 3:21-CV-239 JD, 2022 WL 683650, at *17 (N.D. Ind. Mar. 8, 2022) (internal citation and quotation marks omitted). Kinkle has not met her burden of proving that the arbitration agreement is unconscionable. Kinkle does not argue that the arbitration agreement at issue is "oppressively one-sided," and such an argument would fail. The agreement imposes a bilateral obligation to arbitrate claims that relate to or arise out of the contract. In fact, EIS points out that CreditWorks members regularly initiate arbitration claims against EIS pursuant to the terms of use, alleging violations of the FCRA as Kinkle has raised. [Filing No. 33, at ECF p. 4.]

Kinkle further argues that the arbitration agreement is procedurally unconscionable under the totality of the circumstances, claiming: (1) she was "required to agree to the [terms of use], despite the fact she was never required to view and/or read the [terms of use]"; (2) she had no ability to bargain the provisions; (3) there was no alternative to the terms of use; (4) the terms of use can be modified at any time; and (5) the arbitration agreement is infinite. The Court has already refuted Kinkle's claim that the agreement was infinite in scope. In addition, many other district courts have already considered and rejected these same or similar arguments in

4

construing the contract at issue in this case as a valid arbitration agreement. *See, e.g., Capps v. JPMorgan Chase Bank, N.A., et al*, No. 2:22-cv-00806-DAD-JDP, 2023 WL 3030990, at *4 (E.D. Cal. Apr. 21, 2023) ("[T]he court finds that a reasonable user would have seen the notice and would have been able to locate the Terms of Use Agreement via the hyperlink."); *Levy v. Credit Plus, Inc.*, No. 21-CV-5541 (KMK), 2023 WL 2644352, at *7 (S.D.N.Y. Mar. 27, 2023) ("Plaintiff was provided with reasonably conspicuous notice of the arbitration agreement in the 2019 TOU. . . . Plaintiff's clicking the button to create her CreditWorks account unambiguously manifested her assent to the arbitration agreement in the 2019 TOU."); *Cimillo v. Experian Information Solutions, Inc.*, 21 CV 9132 (VB), 2023 WL 2473403, at *5 (S.D.N.Y. Mar. 13, 2023) ("The Court finds that the undisputed facts indicate the webpage design presented, and the language used in the July 2019 TOU, clearly and conspicuously communicated the terms of the Arbitration Agreement to plaintiff, and that plaintiff affirmatively indicated she agreed to them.").

Rather, the agreement is valid and enforceable, and the claims in Kinkle's complaint are covered claims that must be submitted to arbitration. Accordingly, EIS's motion to compel arbitration [Filing No. 24] is granted. EIS requests that the Court stay this action pending the completion of arbitration. [Filing No. 25, at ECF p. 18.] Neither of the other parties have chimed in on whether a stay should apply as to all Defendants, or just EIS. However, the Court recently granted a motion to compel arbitration in another similar matter in which EIS moved to stay the matter pending arbitration, and the Court stayed the case as to EIS only. *See Cline v. Equifax Information Systems, LLC et al*, No. 1:22-cv-2021-TWP-MJD, 2023 WL 3872392, at *3 (S.D. Ind. May 30, 2023). That approach is sound. Thus, the Court also stays this lawsuit as to EIS only, pending resolution of the arbitration proceedings.

### IV.  Conclusion

For these reasons, EIS's motion to compel arbitration [Filing No. 24] is granted.  This matter is stayed as to EIS only, pending resolution in the arbitration proceedings.  Kinkle and EIS shall notify the Court within seven days of the conclusion of the arbitration.

Date: 6/21/2023

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email